ORDEAN ET AL. *v.* INLAND STEEL COMPANY.

[No. 13,249. Filed May 10, 1928. Rehearing denied June 28, 1929.]

*Ibach, Gavit, Stinson & Gavit, James M. Ogden* and *A. J. Lupear,* for appellants.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellee.

ENLOE, J.—On December 5, 1917, one Leo Ordean, an employee of appellee, received an injury by accident which resulted in his death on said day.

On May 6, 1918, an application for an award of compensation, on account of such injury and death, was filed with the Industrial Board, by Valeria Ordean, Rosalia Ordean, and Alexander Ordean, said application being signed by one——Goes, as attorney in fact. The cause was set for hearing on May 31, 1918, but the same was continued at the request of the said applicants.

On March 14, 1922, one Alec J. Lupear, Royal Vice Consul of the Kingdom of Roumania, filed with the Industrial Board a notice that, as such Consul, he had assumed charge of said application on behalf of said applicants, they being residents and citizens of the Kingdom of Roumania, and, on July 27, 1922, said consul, as such, "for and on behalf of the known heirs, next of kin, dependents of Leo Ordean, deceased, residents and citizens of the Kingdom of Roumania," filed an application for an award of compensation with the Industrial Board, naming as the employer the appellee herein. Thereafter, at the request of said Lupear, a commission to take the deposition of certain persons residing in Roumania was issued and said matter further continued for the taking of such depositions.

On February 9, 1925, by agreement of the parties, said depositions were published, and on August 23, 1926, at the request of said applicants, a second commission

for the taking of depositions of parties living in Roumania was issued by the Industrial Board. These depositions were taken, returned and filed with the Industrial Board December 1, 1926. Thereafter, this cause was set for hearing before a single member of the board at Hammond, Indiana, on April 18, 1927, but, before the hearing commenced, the appellants, by counsel, asked leave to amend the said application filed on July 27, 1922, so as to name, as the applicants and alleged dependents, Valeria Ordean and Rojica Ordean. This application for leave to amend was sustained, and said application amended.

On March 17, 1927, the appellee filed its motion with the Industrial Board to dismiss the application filed by Alec J. Lupear on July 27, 1922, for the reason that at the time the same was filed there was already on file with the Industrial Board an application for an award of compensation to the dependents of said Leo Ordean, against the Inland Steel Company, as the employer of said deceased. This motion, at said hearing on April 18, 1927, was sustained, and the said application so filed on July 27, 1922, was ordered dismissed.

Waiving the question as to whether or not the filing of the second application on July 27, 1922, had the legal effect of taking from the record the application filed May 6, 1918, and giving to appellants all benefit of the said question, still, the dismissal of said application of July 27, 1922, left only the application for an award of compensation, filed May 6, 1918, before the board for its consideration, and the cause was reset for a hearing before the individual member, on June 6, 1927. At this hearing the *applicants*, by their counsel, entered their motion that the said application filed May 6, 1918, be dismissed; their said motion was sustained and said application was dismissed, thus leaving nothing whatever before the Industrial Board for its investiga-

tion and determination, and leaving it, of course, without further jurisdiction.

The appellants have attempted to have a review of the proceedings by the full board, but that body decided, and rightly so, that upon this record it was without jurisdiction. The order of the single member made on April 18, 1927, dismissing the said application filed July 27, 1922, was not a final order or award upon which, alone, a review might have been had, as there still remained the application of May 6, 1918, upon which the parties might have had a hearing and upon which an award might have been based, but this remaining application, the applicants, now appellants, proceeded to dismiss and from this action, procured by themselves, they are certainly not in a situation to complain by asking for a review.

Affirmed.